1    WESTON & McELVAIN LLP
     Richard C. Weston (State Bar No. 126491)
2    Christine E. De Metruis (State Bar No. 203610)
     27520 Hawthorne Blvd., Suite 130
3    Rolling Hills Estates, CA 90274
     Telephone:  (310) 541-8341
4    Facsimile:  (310) 541-8307
     Email:   rweston@wmattorneys.com
5            cdemetruis@wmattorneys.com

**FILED**

2008 JUN 19  PM 3: 27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. O  CALIF.
LOS ANGELES

BY _____

6    Attorneys for Plaintiff **TRAVELERS PROPERTY**
     **CASUALTY COMPANY OF AMERICA**

8                **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, ) ) ) ) ) | **CASE NO.** CV08 - 04066 CAS **ASSIGNED TO:** (OPx) |
| Plaintiff, ) ) | **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY RELIEF; EQUITABLE CONTRIBUTION; EQUITABLE INDEMNITY; AND EQUITABLE SUBROGATION** |
| vs. ) | |
| LIBERTY SURPLUS INSURANCE CORPORATION, a New Hampshire corporation, and DOES 1 through 10, inclusive, ) ) ) ) | |
| Defendants, ) | |

Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF

AMERICA alleges and avers as follows:

          **THE PARTIES, JURISDICTION AND VENUE**

     1.     This Court has original jurisdiction under 28 USCA §1332 in that the

above-captioned matter is a civil action between citizens of different states in which

the matter in controversy exceeds $75,000, exclusive of costs and interests.

     2.     Plaintiff Travelers Property Casualty Company of America

(hereinafter, "Travelers") is, and at all relevant times was, an insurance company

organized under the laws of the State of Connecticut having its principal place of

business in Connecticut, and is authorized to do business in the State of California.

3.      Travelers is informed and believes, and on that basis alleges, that defendant Liberty Surplus Insurance Corporation (hereinafter, "LSI") is, and at all relevant times was, an insurance company organized under the laws of the State of New Hampshire having its principal place of business in Boston, Massachusetts, and is authorized to conduct business in the State of California.

4.      Venue is proper in this district in that LSI is subject to personal jurisdiction in this district at the time that the action commenced.  Travelers and LSI's additional insured, Edge Development, Inc. (hereinafter "Edge Development") is a California corporation with its principal place of business in Temecula, California.

## BACKGROUND FACTS
### The Travelers Policy

5.      Travelers issued policy number Y-630-824X7967-TIL-05 to Mountain States Steel, Inc. (hereinafter "Mountain States"), for the January 7, 2005 to January 7, 2006 policy period (hereinafter "Travelers Policy").  The Travelers Policy contains a **BLANKET ADDITIONAL INSURED (CONTRACTORS)** Endorsement which provides in pertinent part:

> 1.      WHO IS AN INSURED – (Section II) is amended to include any person or organization you are required to include as an additional insured on this policy by a written contract or written agreement in effect during this policy period and signed and executed by you prior to the loss for which coverage is sought.  The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.  The person or organization is only an additional insured with respect to liability caused by "your work" for that additional insured.

> …

2

4.      Any coverage provided by this endorsement to an additional insured shall be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis unless a written contract or written agreement in effect during this policy period and signed and executed by you prior to the loss for which coverage is sought specifically requires that this insurance apply on a primary or non-contributory basis.  When this insurance is primary and there is other insurance available to the additional insured from any source, we will share with that other insurance by the method described in the policy.

....

6.      The Travelers Policy also contains an **OTHER INSURANCE – ADDITIONAL INSURED** Endorsement, which provides in pertinent part:

PROVISIONS

Paragraph 4.b. of CONDITIONS (Section IV) is amended as follows:

b.      Excess Insurance

This insurance is excess over any of the other insurance; whether primary, excess, contingent or on any other basis:

...

(5)     That is valid and collectible insurance available to you if you are added as an additional insured under any other policy.

When this insurance is excess, we will have no duty under Coverage A or B to defend the insured against any "suit" if any other insurer has a duty to defend

3

COMPLAINT

the insured against that "suit."  If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against those other insurers.

…

### The LSI Policy

7.     LSI issued policy number EGL-SF-079512-015 to Mid State Steel Erectors, Inc., for the March 1, 2005 to March 1, 2006 policy period (hereinafter, "LSI Policy").  The Commercial General Liability potion of the LSI Policy provides in pertinent part:

1.     **Insuring Agreement.**

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages ….

b.     This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2)     The "bodily injury" or "property damage" occurs during the policy period.

8.     By way of endorsement, the LSI Policy adds Edge Development and Western Placer Unified School District as additional insureds as follows:

A.   Section II – Who Is An Insured is amended to include as an Insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

9.   The LSI Policy also contains a **PRIMARY INSURANCE CLAUSE ENDORSEMENT**, which provides in pertinent part:

To the extent that this insurance is afforded to any additional insured under the policy, such insurance shall apply as primary and not contributing with any insurance carried by such additional insured, as required by written contract.

## The Underlying Contracts

10.   On or about March 24, 2004, Western Placer Unified School District contracted with Edge Development, a general contractor, to build Twelve Bridges Middle School – Increment II.

11.   On or about April 7, 2005, Edge Development subcontracted with Travelers' insured, Mountain States, to fabricate steel girders according to Edge Development's specifications, and to erect the girders according to Edge Development's plans [hereinafter the "Edge-Mountain States Subcontract"].

12.   The Edge-Mountain States Subcontract provides in pertinent part:

1.   … To the fullest extent permitted by law, Subcontractor shall, with respect to all Work which is covered by or incidental to this Subcontract, indemnify, hold harmless and defend Contractor.  Each of the foregoing indemnities is independent and both shall be given effect.  However, Subcontractor shall not be obligated to indemnify Contractor with respect to the sole negligence or willful misconduct of Contractor, its agents, servants or subcontractors who are directly responsible to

5

Contractor, excluding Subcontractor.   Subcontractor
agrees to obtain and maintain during the term of this
Subcontract, broad form public liability and property
damage insurance … in such amounts as are set forth in
Exhibit No. 2 to this Subcontract.  Subcontractor agrees to
have Contractor and Owner [*referring to Western Placer
Unified School District*] named as co-insured under all
said policies of insurance....

13.   Exhibit No. 2 to the Edge-Mountain States Subcontract, **INSURANCE REQUIREMENTS**, provides in pertinent part that Mountain States is to add Edge Development and the Western Pacer Unified School District as additional insureds under the Commercial General Liability policy.

14.   On or about August 2, 2005, Mountain States entered into a sub-subcontract agreement with Mid States Steel Erectors to erect the steel girders fabricated by Mountain States (hereinafter, the "Mountain States-Mid States Subcontract").

15.   Section 10 of the Mountain States-Mid States Subcontract provides in pertinent part:

**Insurance**

(a)   …The Subcontractor [*Mid States Steel*] shall also
provide and maintain in full force and effect during the
term of this Subcontract, insurance … in a company
satisfactory to the Contractor [*Mountain States*], protecting
the Subcontractor, the Owner [*Edge Development*], and
the Contractor against liability from damages because of
injuries, including death, suffered by persons, including
employees of the Subcontractor, and liability from
damages to property, arising from and growing out of the

COMPLAINT

Subcontractor's operations in connection with the

performance of this Subcontract.

…

(c)    The Subcontractor shall name Contractor and

Owner as additional insured on said insurance policies.

This insurance shall apply as primary insurance with

respect to any other insurance available to Contractor….

16.    Section 11 of the Mountain States-Mid States Subcontract provides in pertinent part:

**Indemnification.**  The Subcontractor further specifically

obligates himself to the Contractor and Owner, jointly and

severally, in the following respects, to wit:

…

(b)    Negligence.  To indemnify them against and save

them, their agents and employees, harmless from and

against all claims, damages, losses, and expenses,

including a reasonable attorneys' fee, arising out of or

resulting from the performance of the Work, provided that

any such claim damage, loss or expense (1) is attributable

to bodily injury, sickness, disease or death, or to injury to

or destruction of property including the loss or [*sic*] use

resulting therefrom and (2) is caused in whole or in part by

any negligent act or omission or breach of any express or

implied warranty of Subcontractor, or any of his officers,

agents, employees or servants;

(c)    To pay for and furnish all materials, equipment,

labor, transportation and all other facilities and incidentals

necessary for the execution, testing, initial operations and

completion of the work under this Subcontract, and to

satisfy the Contractor and Owner thereupon whenever demand is made, and to indemnify and save harmless the Contractor and Owner against and from any and all claims, suits, demands or liens therefore by others than the Subcontractor;

…

(e)     The Subcontractor assumes toward the Contractor all the obligations and responsibilities that the Contractor assumes toward the Owner, as set forth in the Prime Contract [*Edge-Mountain States Subcontract*], insofar as applicable generally or specifically, to Subcontractor's work.

The Subcontractor shall indemnify the Contractor and the Owner against, and save them harmless from, any and all loss, damage, costs, expenses and attorneys' fee suffered or incurred on account of any breach of the aforesaid obligations and covenants, any express or implied warranties, and any other provisions or covenant of this Subcontract.

## The Martinez Action

17.     On October 10, 2005, a Mid States Steel employee, Travis Martinez (hereinafter, "Martinez"), was injured while working at the Twelve Bridges Middle School construction site.  According to Martinez, a piece of steel was being hoisted and put in place had a nub on it.  Martinez's pant leg got caught on the nub, and he was knocked off the girder to the ground, approximately 17 feet to the ground below.  Based upon information and belief, Martinez was not wearing a safety harness at the time of the accident.

18.     Based upon information and belief, Martinez sustained a shattered right wrist, a compression fracture in his lower spine at L1-2, a cervical herniation at C4-

5, and injury to his ribs as a result of his fall.  Based upon information and belief, Martinez, who was 24 at the time of the accident, is not expected to be able to return to work in the steel and/or construction industry.

19.    On May 2, 2007, Martinez filed an action against Mountain States and Edge Development, Placer County Superior Court case number SCV20977 [hereinafter, the "*Martinez Action*."]  In his complaint, Martinez alleged causes of action for strict products liability and negligent manufacture of the steel beam against both Mountain States and Edge Development.  Martinez alleged a third cause of action for negligent operation and management of the workplace, against Edge Development.

20.    On August 27, 2007, Martinez filed an Amended Statement of Damages totaling over five million dollars ($5,000,000) in past lost income, past medical expenses and general damages.  Martinez's damages claim did not include future medical expenses or future lost wages.

21.    Trial in the *Martinez Action* is currently scheduled for August 2008.

### Edge Development's Tenders To Travelers and LSI

22.    On or about June 6, 2007, Edge Development tendered its defense and indemnity of the *Martinez Action* to Travelers and Mountain States.  Pursuant to the terms of the Blanket Additional Insured Endorsement, Travelers formally accepted Edge Development's tender on November 8, 2007.

23.    On September 18, 2007, Edge Development tendered its defense and indemnity to Mid States Steel and LSI.  On or about October 16, 2007, LSI denied Edge Development's tender, stating in pertinent part that Mid States Steel did not manufacture, fabricate or sell the steel girder with the nub, and was therefore not negligent.  As such, according to LSI, no defense or indemnity was owed to Edge Development.

24.    On or about April 11, 2008, Edge Development requested that LSI reconsider its prior denial in light of the Additional Insured Endorsement naming Edge Development and Western Placer Unified School District as additional

1  insureds under the LSI Policy.  By e-mail dated April 25, 2008, LSI reiterated its

2  denial of Edge Development's tender.

3      25.    To date, Travelers has expended in excess of $20,000 in defending

4  Edge Development.

5  ## FIRST CAUSE OF ACTION

6      (For Declaration Regarding LSI's Duty to Defend Edge Development)

7      26.    Travelers realleges and incorporates herein by reference each and every

8  allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth

9  herein.

10     27.    Travelers undertook to defend Edge Development in the *Martinez*

11 *Action* pursuant to the terms of the Blanket Additional Insured Endorsement to the

12 Travelers Policy.  Travelers contends that Edge Development also qualifies as an

13 additional insured under the LSI Policy.  Travelers further contends that, pursuant to

14 the terms of the Additional Insured Endorsement to the LSI Policy, LSI has a duty to

15 defend and indemnify Edge Development Steel against the claims asserted in the

16 *Martinez Action*.  Finally, Travelers contends that the Travelers Policy is excess

17 over the LSI Policy by virtue of the Primary Insurance Clause Endorsement.  Based

18 upon information and belief, LSI disputes these contentions.

19     28.    An actual controversy exists between Travelers, on the one hand, and

20 LSI, on the other.  Travelers therefore seeks a judicial determination that Edge

21 Development qualifies as an Additional Insured under the LSI Policy.  Travelers

22 further seeks a judicial determination that LSI is obligated to defend Edge

23 Development against the claims asserted in the *Martinez Action*.  Travelers further

24 seeks a judicial determination that LSI is obligated to reimburse Travelers for all or

25 a portion of the sums Travelers incurred in solely defending Edge Development

26 against the claims asserted in the *Martinez Action* in an amount to be proven at trial,

27 plus reasonable interest thereon.  Finally, Travelers seeks a judicial determination

28 that the Travelers Policy is excess over the LSI Policy with respect to Edge

   Development.

29.     A judicial declaration is necessary and appropriate at this time to determine the respective rights and duties of the Travelers and LSI.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

(For A Declaration Regarding LSI's Duty To Indemnify Edge Development)

30.     Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29, inclusive, as though fully set forth herein.

31.     Travelers undertook to defend Edge Development in the *Martinez Action* pursuant to the terms of the Blanket Additional Insured Endorsement to the Travelers Policy.  Travelers contends that Edge Development also qualifies as an additional insured under the LSI Policy.  Travelers further contends that, pursuant to the terms of the Additional Insured Endorsement to the LSI Policy, LSI has a duty to defend and indemnify Edge Development Steel against the claims asserted in the *Martinez Action*.  Finally, Travelers contends that the Travelers Policy is excess over the LSI Policy by virtue of the Primary Insurance Clause Endorsement.  Based upon information and belief, LSI disputes these contentions.

32.     An actual controversy exists between Travelers, on the one hand, and LSI, on the other.  Travelers therefore seeks a judicial determination that Edge Development qualifies as an Additional Insured under the LSI Policy.  Travelers further seeks a judicial determination that LSI is obligated to indemnify Edge Development against the claims asserted in the *Martinez Action*.  Finally, Travelers seeks a judicial determination that the Travelers Policy is excess over the LSI Policy with respect to Edge Development.

33.     A judicial declaration is necessary and appropriate at this time to determine the respective rights and duties of the Travelers and LSI.

///

///

///

///

11

COMPLAINT

1

## THIRD CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

2

(Equitable Contribution for the Defense of Edge Development)

3      34.    Travelers realleges and incorporates herein by reference each and every

4   allegation contained in paragraphs 1 through 33, inclusive, as though fully set forth

5   herein.

6      35.    Travelers is defending Edge Development as an additional insured

7   under the Travelers Policy in the *Martinez Action*.  Travelers alleges that the LSI

8   Policy provides coverage for Edge Development in the *Martinez Action*, and that the

9   Travelers Policy is excess over the LSI Policy.  Despite LSI's additional insured

10   obligation to defend and indemnify Edge Development, LSI has refused, and

11   continues to refuse, to participate in the defense and indemnity of Edge

12   Development.  Further, LSI has not reimbursed Travelers for the defense fees and

13   costs Travelers has incurred in defending Edge Development.

14      36.    Travelers seeks equitable contribution from LSI for all or a portion of

15   the defense fees and costs incurred and to be incurred in the future on behalf of Edge

16   Development in the *Martinez Action* in an amount to be proven at trial, plus pre-

17   judgment interest thereon.

## FOURTH CAUSE OF ACTION FOR EQUITABLE SUBROGATION

18

(Equitable Subrogation for the Defense of Edge Development)

19      37.    Travelers realleges and incorporates herein by reference each and every

20   allegation contained in paragraphs 1 through 36, inclusive, as though fully set forth

21   herein.

22      38.    Travelers is currently defending Edge Development against the claims

23   asserted in the *Martinez Action*.  Travelers contends that LSI is obligated to

24   participate in Edge Development's defense, and that such obligation arose on the

25   date of tender.  Travelers further contends that the Travelers Policy is excess over

26   the LSI Policy.  As such, Travelers contends that LSI is responsible for all attorneys'

27   fees and costs incurred by Travelers in defending Edge Development in the

28   *Martinez Action*.  Despite Edge Development's tender of its defense and indemnity

12

COMPLAINT

1  to LSI, LSI refused and continues to refuse to participate in Edge Development's

2  defense.

3       39.    By reason of the foregoing, Travelers has become equitably subrogated

4  to the rights of Edge Development against LSI, to the extent Travelers has made

5  payments for attorneys' fees and costs in the defense of the *Martinez Action*.

6  Travelers therefore seeks reimbursement from LSI of all or a portion of the amounts

7  incurred to defend Edge Development in the *Martinez Action* in an amount to be

8  proven at trial, plus pre-judgment interest thereon.

9  **FIFTH CAUSE OF ACTION FOR EQUITABLE SUBROGATION**

10  (Equitable Indemnity for the Defense of Edge Development)

11       40.    Travelers realleges and incorporates herein by reference each and every

12  allegation contained in paragraphs 1 through 39, inclusive, as though fully set forth

13  herein.

14       41.    Travelers is currently defending Edge Development against the claims

15  asserted in the *Martinez Action*.  Travelers contends that LSI is obligated to

16  participate in Edge Development's defense, and that such obligation arose on the

17  date of tender.  Travelers further contends that the Travelers Policy is excess over

18  the LSI Policy.  As such, Travelers contends that LSI is responsible for all attorneys'

19  fees and costs incurred by Travelers in defending Edge Development in the

20  *Martinez Action*.  Despite Edge Development's tender of its defense and indemnity

21  to LSI, LSI refused and continues to refuse to participate in Edge Development's

22  defense.

23       42.    By reason of the foregoing, Travelers seeks reimbursement of all or a

24  portion of the defense fees and costs incurred in defending Edge Development in the

25  *Martinez Action* in an amount to be proven at trial, plus pre-judgment interest

26  thereon.

///

27  ///

28  ///

1        WHEREFORE, Travelers Property Casualty Company of America prays for

2    judgment against defendant Liberty Surplus Insurance Corporation as follows:

3    AS TO THE FIRST CAUSE OF ACTION

4        1.    For a declaration that Edge Development, Inc. is an additional insured

5    under the LSI Policy;

6        2.    For a declaration that LSI is obligated to defend Edge Development in

7    against the claims asserted in the *Martinez Actio*n;

8        3.    For a declaration that LSI is obligated to reimburse Travelers for all or

9    a portion of the defense fees and costs incurred by Travelers in defending Edge

10   Development in the *Martinez Action* in an amount to be proven at trial;

11       4.    For a declaration that the Travelers Policy is excess over the LSI

12   Policy.

13   AS TO THE SECOND CAUSE OF ACTION

14       5.    For a declaration that Edge Development, Inc. is an additional insured

15   under the LSI Policy;

16       6.    For a declaration that LSI is obligated to indemnify Edge Development

17   in against the claims asserted in the *Martinez Actio*n;

18       7.    For a declaration that the Travelers Policy is excess over the LSI

19   Policy.

AS TO THE THIRD, FOURTH AND FIFTH CAUSES OF ACTION

20       8.    For reimbursement of all or a portion of the defense fees and costs

21   Travelers has incurred on behalf of Edge Development in the *Martinez Action*, in an

22   amount to be proven at trial; and

23       9.    For pre-judgment interest at the legal rate.

24   AS TO ALL CAUSES OF ACTION

25       10.    For the costs of suit herein; and

26       11.    For such other and further relief as the Court may deem just and proper.

27   ///

28   ///

COMPLAINT

1

2    DATED: June 19, 2008

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,
WESTON & McELVAIN LLP

Richard C. Weston
Christine C. De Metruis
Attorneys for **TRAVELERS
PROPERTY CASUALTY
COMPANY OF AMERICA**

COMPLAINT