UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-4066 CAS (OPx) | Date | December 10, 2008 |
|---|---|---|---|
| Title | Travelers Property Casualty Company of America v. Liberty Surplus Insurance Corp., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **(In Chambers:) Plaintiff's Motion to Amend, and to Join Insurance Company of the State of Pennsylvania as Defendant** (filed 11/14/2008)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of December 15, 2008, is hereby vacated, and the matter is hereby taken under submission.

**I.    INTRODUCTION AND BACKGROUND**

On June 19, 2008, plaintiff Travelers Property Casualty Company of America filed the instant action against defendants Liberty Surplus Insurance Corporation ("defendant") and Does 1 through 20. In its complaint, plaintiff alleges that Edge Development, Inc. ("Edge Development") is an additional insured under both a policy that plaintiff issued to Mountain States Steel, Inc. ("Mountain States Steel"), and a policy that defendant issued to Mid State Steel Erectors, Inc. ("Mid States Steel"). Compl. ¶ 27, 31. Plaintiff seeks a declaration that defendant had a duty to defend and indemnify Edge Development in an underlying action pending in Placer County Superior Court. Compl. ¶ 27, 31. Plaintiff also seeks equitable contribution, subrogation, and indemnity for the defense of Edge Development. Compl. ¶¶ 34, 37, 40.

On July 29, 2008, defendant filed an answer to plaintiff's complaint. On September 22, 2008, the Court issued a scheduling order, in which it set November 14, 2008 as the deadline to request leave to file amended pleadings or to add parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-4066 CAS (OPx) | Date | December 10, 2008 |
|---|---|---|---|
| Title | Travelers Property Casualty Company of America v. Liberty Surplus Insurance Corp., et al. | | |

On November 14, 2008, plaintiff filed the instant motion to amend its complaint and to join Insurance Company of the State of Pennsylvania ("INSCOP") as a defendant. Defendant does not oppose this motion. With its motion, plaintiff files a stipulation for leave to amend and supplement complaint, signed by both plaintiff and defendant, in which the parties stipulate that plaintiff be permitted to file a first amended complaint. After carefully considering the arguments set forth by plaintiff, the Court finds and concludes as follows.

## II. LEGAL STANDARD

### A. Leave to Amend

Generally, amendment of pleadings is governed by Fed. R. Civ. P. 15. Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). Four factors are relevant to the determination of a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of the amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend.'" Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-4066 CAS (OPx) | Date | December 10, 2008 |
|---|---|---|---|
| Title | Travelers Property Casualty Company of America v. Liberty Surplus Insurance Corp., et al. | | |

omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### B. Joinder of Parties

Federal Rule of Civil Procedure 19(a)(1), which governs joinder of necessary parties, provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Federal Rule of Civil Procedure 20 governs permissive joinder, and provides that individuals may be joined as defendants if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

## III. DISCUSSION

### A. Leave to Amend

Plaintiff seeks to amend its second claim for declaratory relief in order to request a declaration that plaintiff's excess policy issued to Mountain States Steel is excess over defendant's primary policy issued to Mid States Steel. Mot. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-4066 CAS (OPx) | Date | December 10, 2008 |
|---|---|---|---|
| Title | Travelers Property Casualty Company of America v. Liberty Surplus Insurance Corp., et al. | | |

Plaintiff argues that (1) there was no undue delay in bringing its motion, because the new allegations did not arise until after settlement was reached in the underlying Martinez action in October 2008, (2) defendant will not be substantially prejudiced by the amendment, (3) the motion was not brought in bad faith, and (4) the proposed amendment is not futile.[1]  Mot. at 3-5; See Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

Because there is no indication of bad faith, undue delay, prejudice to the opposing party, or futility of the amendment, and because defendant does not oppose plaintiff's motion to amend, the Court finds granting plaintiff's motion to be appropriate.

**B.   Joinder of INSCOP**

Plaintiff seeks to join INSCOP, Mid States Steel's excess carrier, in order to assert claims against it for equitable indemnity, equitable subrogation, and equitable contribution.  Mot. at 3.

Plaintiff argues that INSCOP is a necessary party pursuant to Fed. R. Civ. P. 19. First, plaintiff argues, joinder of INSCOP will not deprive the Court of subject matter jurisdiction over the instant action, because plaintiff is a Connecticut corporation with its principal place of business in Connecticut, while INSCOP is a Pennsylvania corporation with its principal place of business in New York, and therefore, joinder will not destroy complete diversity of the parties under 28 U.S.C. § 1332.  Mot. at 7-8.  Furthermore, plaintiff argues that joinder of INSCOP is necessary to provide complete relief, given that defendant's primary policy is exhausted and, therefore, plaintiff will seek to recover all or a portion of its indemnity payment from INSCOP, Mid States Steel's excess carrier.  Mot. at 8.

Alternatively, plaintiff seeks leave to join INSCOP under Fed. R. Civ. P. 20, which governs permissive joinder.  Mot. at 9.  Plaintiff argues first that its claims for relief

---

[1] Plaintiff states that under the October 2008 settlement of the Martinez action, plaintiff paid $2 million to indemnify Edge Development, $1 million of which was paid under its primary policy and the other $1 million of which was paid under its excess policy.  Mot. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-4066 CAS (OPx) | Date | December 10, 2008 |
|---|---|---|---|
| Title | Travelers Property Casualty Company of America v. Liberty Surplus Insurance Corp., et al. | | |

against defendant and INSCOP arise out of the same occurrence: plaintiff's defense and indemnity of Edge Development in the Martinez action. Mot. at 9. Furthermore, there are questions of law and fact in common to both defendant and INSCOP: whether defendant and INSCOP have a duty to indemnify Edge Development and, if so, whether plaintiff's primary and excess policies are excess to defendant's and INSCOP's policies. Mot. at 9.

Furthermore, plaintiff argues that permissive joinder of INSCOP "will comport with the principles of fundamental fairness," because there was no delay in bringing the motion, joinder will not unduly prejudice INSCOP or defendant, and the motion was not brought in bad faith. Mot. at 10, citing Desert Empire Bank v. Insurance Company of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).

Because plaintiff has adequately demonstrated that its claims for relief against defendant and INSCOP arise out of the same occurrence, and because there is no indication that joinder of INSCOP would be contrary to principles of fundamental fairness, the Court finds granting plaintiff's motion to join INSCOP to be appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for leave to amend and to join INSCOP as defendant.

IT IS SO ORDERED

00 : 00

Initials of Preparer   CMJ