UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-4066 CAS (OPx) | Date | April 17, 2009 |
|---|---|---|---|
| Title | Travelers Property Casualty Company of America v. Liberty Surplus Insurance Corp., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) Defendant's Motion for Leave to File a Third Party Complaint (filed 3/24/2009)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 20, 2009, is hereby vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION AND BACKGROUND**

On June 19, 2008, plaintiff Travelers Property Casualty Company of America ("Travelers") filed the instant action against defendants Liberty Surplus Insurance Corporation ("Liberty") and Does 1 through 20. In its complaint, Travelers alleges that Edge Development, Inc. ("Edge Development") is an additional insured under both a policy that Travelers issued to Mountain States Steel, Inc. ("Mountain States Steel"), and a policy that Liberty issued to Mid State Steel Erectors, Inc. ("Mid States Steel"). Compl. ¶ 27, 31. Travelers seeks a declaration that Liberty had a duty to defend and indemnify Edge Development in an underlying action filed by Travis Martinez in Placer County Superior Court, case number SCV20977 ("the underlying action"). Compl. ¶ 27, 31. Travelers also seeks equitable contribution, subrogation, and indemnity for the defense of Edge Development. Compl. ¶¶ 34, 37, 40.

On July 29, 2008, Liberty filed an answer to Travelers's complaint. On September 22, 2008, the Court issued a scheduling order, in which it set November 14, 2008 as the deadline to request leave to file amended pleadings or to add parties. On November 14, 2008, Travelers filed a motion to amend its complaint and to join Insurance Company of the State of Pennsylvania ("INSCOP") as a defendant. Liberty did not oppose this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-4066 CAS (OPx) | Date | April 17, 2009 |
|---|---|---|---|
| Title | Travelers Property Casualty Company of America v. Liberty Surplus Insurance Corp., et al. | | |

motion. On December 10, 2008, the Court granted Travelers' motion to amend and join INSCOP as a defendant. On December 10, 2008, Travelers filed its first amended complaint ("FAC"), which added INSCOP as a defendant. INSCOP filed an answer to the FAC on February 12, 2009.

On March 24, 2009, INSCOP filed the instant motion for leave to file a third party complaint against Interstate Fire and Casualty Company ("Interstate"). On April 8, 2009, Travelers filed a notice of non-opposition to the motion. On April 10, 2009, Liberty filed a notice of non-opposition, which the Court rejected because it was not filed electronically. Interstate failed to file an opposition. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 14(a) provides in pertinent part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.

The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court. Southwest Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).

The purpose of Fed. R. Civ. P. 14 is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." Southwest Administrators, 791 F.2d at 777 (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1442, at 202-03 (1971)). Courts routinely deny motions to implead third party defendants where authorizing impleader will delay or disadvantage the existing action, complicate and lengthen the trial by introducing extraneous questions, cause prejudice or inconvenience to the existing parties and/or the third party defendants, or where the defendant unreasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-4066 CAS (OPx) | Date | April 17, 2009 |
|---|---|---|---|
| Title | Travelers Property Casualty Company of America v. Liberty Surplus Insurance Corp., et al. | | |

delayed in seeking impleader without providing a valid excuse for the delay.  See, e.g., Southwest Administrators, 791 F.2d at 777; United States v. Acord, 209 F.2d 709, 714 (10th Cir. 1954), cert. denied, 347 U.S. 975; Blais Constr. Co. v. Hanover Square Associates, 733 F. Supp. 149, 158 (N.D.N.Y. 1990).

### III.  DISCUSSION

INSCOP argues that, as an excess carrier, it has no obligation in the underlying action until all primary insurance policies have been exhausted.  INSCOP argues that Interstate issued a primary policy to Edge Development that covers the underlying action.  Therefore, INSCOP argues that Interstate is liable to INSCOP for all or part of any expense INSCOP incurs reimbursing Travelers for the settlement of the underlying action.  Mot. at 4.

INSCOP argues that Travelers will not be prejudiced by the third-party complaint, as Travelers was aware that Interstate insured Edge Development during the settlement negotiations in the underlying action.  INSCOP further argues that impleading Interstate will aid efficiency at trial, as it will eliminate the need for INSCOP to bring a separate action against Interstate.  Id. at 5.  Furthermore, INSCOP notes that it has not unduly delayed in bringing this motion, given that it filed the motion within 30 days after filing an answer and that INSCOP notified the other parties of its intention to implead Interstate over two weeks prior to filing the instant motion.

Under Local Rule 7-12, the failure to file an opposition may be deemed consent to the granting of the motion. In light of the circumstances, including the fact that Travelers, Liberty, and Interstate have failed to oppose INSCOP's motion, the Court concludes that granting the instant motion is appropriate.  INSCOP's motion is timely, and granting the motion will not cause undue prejudice or inconvenience to any of the existing parties.  The Court further  concludes that granting the instant motion will promote judicial efficiency, as it will eliminate the necessity for INSCOP to bring a separate action against Interstate, which INSCOP alleges may be liable for some or all of the judgment.
/ / /
/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-4066 CAS (OPx) | Date | April 17, 2009 |
|---|---|---|---|
| Title | Travelers Property Casualty Company of America v. Liberty Surplus Insurance Corp., et al. | | |

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS INSCOP's motion for leave to file a third party complaint and shall file it forthwith.

IT IS SO ORDERED

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |